B. G. WORTHAM ET AL. v. CAMERON, CASTLES & STOREY.

(No. 6556.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

J. B. SCARBOROUGH, counsel for appellants.

No counsel appeared for appellee.

§ **113.** *Failure of consideration; facts held insufficient to establish; case stated.* Suit by appellees against appellants, B. F. and Robert Wortham, to recover the amount of two promissory notes, each for the sum of $375. Appellants pleaded specially, under oath, as follows: ".That at the time of the execution of said notes defendant B. F. Wortham and one W. F. Montgomery were in partnership in the retail grocery business in Waco, Texas, and that said firm was indebted to plaintiffs in about the sum of $1,500; that, being unable to pay said debt in cash, and being desirous of settling the same, they proposed to plaintiffs that they would sell to them the stock then on hand, and. pay the remainder of their said debt as soon as possible. This proposition plaintiffs declined, urging as a reason therefor that if defendants sold out and quit business they (defendants) would lose their outstanding accounts, then worth about $1,500, and plaintiffs urged defendants to continue in business. Plaintiffs then and there proposed to him and his said partner that if they would secure to plaintiffs the amount then due them, each partner securing his one-half of said debt,

plaintiffs would sell them such goods on time as would enable them to continue in business; and, it being greatly to advantage of defendants to continue in business, they accepted said proposition, and in accordance therewith executed the notes sued on in settlement; and securing this defendant's one-half of said indebtedness with defendant Robert Wortham as his surety, and that his partner secured his one-half of said claim, and when said matter was secured to the satisfaction of plaintiffs, defendants applied to plaintiffs for goods with which to replenish their stock and go on with their business, and were by plaintiffs refused credit. Defendants charge misrepresentation and deception on the part of plaintiffs in making the promise they did with no intention of fulfilling the same, and, relying upon said promise, the notes were executed. Plaintiffs demurred to the answer setting up failure of consideration, and the court sustained the demurrer. Defendant Robert Wortham set up the same facts and alleged his suretyship, and that he was induced to sign said notes above upon the understanding and agreement that plaintiff was to comply with his agreement in furnishing said firm the goods as agreed upon; that he would not upon any other condition have signed said notes. Same demurrers were made and sustained to his answer as to defendant B. F. Wortham's.

We think the court did not err in sustaining the demurrers to the pleas. As alleged in said pleas, the facts show a breach of contract on the part of appellees — a mere refusal on their part to comply with their promise to supply Wortham & Montgomery with goods to replenish their stock. While these facts may furnish appellants ground upon which to claim and recover damages for injury they may have sustained by reason of such breach of contract, they do not show a failure of consideration of the notes sued on, nor do they show such fraud on the part of appellees in obtaining said notes as would invalidate them. It was not the promise

to furnish the goods that constituted the consideration of the notes. Appellants show in their said pleas that the notes were given for an existing indebtedness, and there is no claim or pretense that said indebtedness was unjust; nor is it claimed or pretended that appellant would be injured by payment thereof. It was, and still is, a just indebtedness, and notes given for it cannot be affected by the matters alleged in the pleas.

May 14, 1890.                                   Affirmed.